IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wanda Vantu,   Case No. 3:14CV958

    Plaintiff

  v.   **ORDER**

Echo Recovery, L.L.C., et al.,

    Defendants

This case arises out of a defaulted auto loan and a botched attempt at repossessing the vehicle securing the loan.

Plaintiff Wanda Vantu alleges that defendant Ronald Maddox threatened her at gunpoint while trying to repossess a van that belonged to Vantu's ex-husband. Vantu brings claims against Maddox and the company – defendant Echo Recovery – that engaged Maddox to repossess the van under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and Ohio law.

Pending is Echo's motion to dismiss for lack of subject-matter jurisdiction or, alternatively, for failure to state an FDCPA claim. (Doc. 18). For the reasons set forth below, I deny the motion.

**Background**

One day in October, 2013, Vantu was visiting her sister's home, which was one or two miles from Vantu's own home, in Willard, Ohio. Maddox appeared at the door and told Vantu he intended to repossess her ex-husband's van, which was parked in the driveway.

Vantu told Maddox there was a mistake and he had no right to repossess the van. Vantu then got into the van and tried to drive to her ex-husband's house, so that the ex-husband and Maddox could resolve the matter.

But Maddox blocked Vantu from leaving: he started "a confrontation and brandished a semi-automatic pistol, pointed it through the van window at Vantu's head, shouted profanity[,] and threatened to shoot Vantu." (Doc. 1 at ¶9). Fearing for her life, Vantu opened the van door. Maddox then "physically battered Vantu while trying to take the keys to the van." (*Id.* at ¶10).

This conduct led authorities to arrest Maddox and charge him with multiple crimes; he was "convicted . . . and served time in the Huron County Jail." (*Id.* at ¶11).

According to the complaint, Maddox was Echo's "employee, contractor[,] and/or agent." (*Id.* at ¶12). Echo allegedly "controlled the means and manner of Maddox's repossession activities by directing him where and when to perform repossession, establishing policies and procedures for doing so[,] and by otherwise directing him." (*Id.*).

## Analysis

Echo moves to dismiss the complaint for want of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and, alternatively, to dismiss the FDCPA claim under Fed. R. Civ. P. 12(b)(6).

It contends I have no jurisdiction over Vantu's FDCPA claim because Echo is not a "debt collector" for purposes of 15 U.S.C. § 1692a(6). Alternatively, Echo argues Vantu did not allege a plausible FDCPA claim.

### A. Subject-Matter Jurisdiction

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of

federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

These principles would seem to doom Echo's jurisdictional challenge, as the face of Vantu's complaint presents a claim that Echo and its "employee, contractor[,] and/or agent" Maddox violated the FDCPA by "committing an unfair and unconscionable act while attempting to collect a debt." (Doc. 1 at ¶¶12, 20).

Echo tries to circumvent these rules by mounting a factual attack on the court's subject-matter jurisdiction.

It argues I may not take Vantu's allegations as true, but must instead "weigh evidence and decide factual disputes necessary to resolve [its] challenge[ ] to subject matter jurisdiction." (Doc. 22 at 3). To show the absence of jurisdiction, Echo has submitted an affidavit from its principal, Steve Hubbard, asserting: 1) the primary purpose of Echo's business is not the collection of debts; and 2) Maddox was an independent contractor, over whose activities Echo had no control.

Although Echo is generally correct that a litigant may mount a factual attack on the court's subject-matter jurisdiction, it is wrong to argue it may do so here.

A defendant can challenge jurisdiction under Rule 12(b)(1) either facially or factually.

"When reviewing a facial attack," which challenges the sufficiency of the allegations, "a district court takes the allegations in the complaint as true" and, "[i]f those allegations establish federal claims, jurisdiction exists." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams, Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

3

But where a defendant makes a factual attack, a court does not presume the complaint's allegations are true. *Id.* Rather, the party invoking the court's jurisdiction must introduce evidence supporting federal jurisdiction, and the court must weigh the evidence and decide whether jurisdiction is secure. *Id.*

This kind of attack is familiar, for example, in cases where the United States's sovereign immunity might otherwise bar suit. *E.g.*, *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990). Likewise, a factual attack may be appropriate where a defendant removing a diversity case to federal court alleges the plaintiff fraudulently joined a non-diverse defendant to avoid removal. *Gentek*, *supra*, 491 F.3d at 330.

But Rule 12(b)(1) does not permit a factual attack on the court's subject-matter jurisdiction when, as is the case here, the attack "implicate[s] the merits of the plaintiff's claim":

> [A] district court engages in a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim. If, on the other hand, an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should *find that jurisdiction exists* and deal with the objection as a direct attack on the merits of the plaintiff's claim.

*Id.* (emphasis in original; internal citations and quotation marks omitted).

Whether Echo is, in fact, a debt collector goes to the merits of Vantu's FDCPA claim, not my power to adjudicate that claim. *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction"); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 568 (6th Cir. 2013) ("A bad theory (whether of liability or of damages) does not undermine federal jurisdiction.").

I will therefore deny the motion to dismiss for lack of subject-matter jurisdiction.

### B. Plausibility of the FDCPA Claim

4

Echo argues I should dismiss the FDCPA claim because: 1) Vantu's allegations show only that Echo is an enforcer of security interests, not that it is a debt collector; and 2) the allegation that Maddox was Echo's "employee, contractor[,] and/or agent" is speculative.

A complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual statements are not required. *In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 814 (S.D. Ohio 2012).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### 1. Whether Echo is a Debt Collector

Liability under the FDCPA "can only attach to those who meet the statutory definition of a 'debt collector.'" *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003).

A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Echo contends Vantu's complaint fails because Echo "has never used any instrumentality of interstate commerce or the mails for the . . . collection of debts," and it "does not regularly collect or attempt to collect . . . any debts owed or due or asserted to be owed or due to another." (Doc. 18 at 4).

This contention has little to do with the legal sufficiency of Vantu's complaint, and much to do with disputing the facts Vantu alleges. Indeed, Echo makes this argument in reliance on the Hubbard affidavit, which directly contradicts many allegations in the complaint. Because I may not consider that affidavit now, I reject Echo's argument. *Brown v. Whirlpool Corp.*, 996 F. Supp. 2d 623, 634 (N.D. Ohio 2014).

In any event, the fact that Echo's principal business is not debt collection would not save it from liability under the FDCPA. That is so, because Vantu has plausibly alleged Echo is an enforcer of security interests that violated § 1692f(6).

An entity that enforces security interests (a repossession agency, for example) is generally not a "debt collector." *Montgomery*, *supra*, 346 F.3d at 699-700. But in limited circumstances the FDCPA treats such an entity as a debt collector. *Glazer v. Chase Home Fin., LLC*, 704 F.3d 453, 463-64 (6th Cir. 2013).

Section 1692a(6) provides that, "[f]or purposes of section 1692f(6)" only, the term "debt collector" also "includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6).

Section 1692f(6), in turn, forbids a debt collector from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A).

6

In tandem, then, these provisions subject security enforcers who attempt to repossess collateral without a present right to possess the collateral to liability under the FDCPA. *Glazer*, *supra*, 704 F.3d at 463-64; *Montgomery*, *supra*, 346 F.3d at 699-700.

"Courts presented with the issue of determining whether a [security-interest enforcer] has violated § 1692f(6) look to the applicable state self-help repossession statute which identifies the circumstances under which an enforcer of a security interest does not have a present right to the collateral at issue." *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 679 (E.D. Mich. 2010).

In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace. *See* O.R.C. § 1309.609(B)(2) (secured party may repossess collateral without judicial process only "if it acts without breach of the peace"); *cf. Ford Motor Credit Co. v. Ryan*, 189 Ohio App. 3d 580, 909 (2010) (repossessor may enter "another's land to effectuate a repossession, so long as the repossessor does not breach the peace"); *see also Alexander*, *supra*, 731 F. Supp. 2d at 68-81 (reaching same result under Michigan's version of Uniform Commercial Code).

Turning to Vantu's complaint, I find it sufficient to state a plausible violation of § 1692f(6).

Vantu's complaint alleges Maddox, acting on behalf of Echo, sought to repossess Vantu's ex-husband's car and, while doing so, pulled out a gun, threatened to shoot her, and battered her. These allegations support a conclusion Echo is an enforcer of security interests (a point Echo concedes (*see* Doc. 18 at 7-8)), and that a breach of the peace occurred.

Under these circumstances, Echo had no right to present possession of the collateral, and its conduct (if true) violated the FDCPA.

**2. Whether Maddox Is Echo's Employee**

Finally, Echo contends Vantu's allegation that Maddox was its "employee, agent[,] and/or contractor" is too speculative to survive a motion to dismiss.

The argument is meritless. At present, Vantu lacks access to the materials and information that would establish the precise relationship between Echo and Maddox. *Cf. Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008) ("allegations may be based on information and belief when facts are peculiarly within the opposing party's knowledge"). For now, it is sufficient to allege Maddox was an employee, agent, or contractor who received directions from Echo as to where, when, and how to conduct repossession activities.[1]

**Conclusion**

It is, therefore,

ORDERED THAT defendant Echo Recovery's motion to dismiss (Doc. 18) be, and the same hereby is, denied.

The Clerk shall forthwith schedule a status/scheduling conference; the parties shall file a proposed schedule not later than three business days prior to that conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] Echo also argues at length that only Maddox, and not it, violated the FDCPA when he breached the peace when confronting Vantu. This argument fails primarily because it depends on a disputed factual premise: that Maddox was only an independent contractor, and not Echo's employee or agent. Taking Vantu's allegations as true, Echo violated the FDCPA because: 1) its primary business is the enforcement of security interests; and 2) the person it engaged to repossess Vantu's ex-husband's van – Maddox, who was either Echo's employee, agent, or contractor – breached the peace.